**PRIORITY SEND**

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  EDCV 05-24-VAP(SGLx)                    Date: June 23, 2005

Title:    RUBEN CORTEZ YBARRA, etc., et al. -v- DEBTORS, ASSIGNEE,
          ASSIGNER, INSURERS, & THE CAUSE OF ACTION, et al.
==========================================================================
PRESENT:  HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

         Rachel Ingram                          None Present
         Courtroom Deputy                       Court Reporter

ATTORNEYS PRESENT FOR                  ATTORNEYS PRESENT FOR
PLAINTIFF:                             DEFENDANTS:

         None                                   None

PROCEEDINGS:   MINUTE ORDER GRANTING DEFENDANTS
               TRANSAMERICA OCCIDENTAL LIFE INSURANCE CO.'S
               AND TRANSAMERICA ANNUITY SERVICE CORP.'S
               MOTION TO DISMISS AND DISMISSING SUA SPONTE
               THE REMAINING DEFENDANTS (IN CHAMBERS)

   On January 7, 2005, Plaintiff Ruben Cortez Ybarra brought this action in pro se as Guardian Ad Litem for Evangelina Cortez, Emmanuel Cortez, and Christopher Cortez ("Cortezes").  Defendants Transamerica Occidental Life Insurance Co. and Transamerica Annuity Service Corp. filed a Motion to Dismiss Amended Complaint ("Mot.") on April 22, 2005.  The Motion argues that Mr. Ybarra is not authorized to

EDCV 05-24-VAP(SGLx)
RUBEN CORTEZ YBARRA, etc., et al. v DEBTORS, ASSIGNEE, ASSIGNER, INSURERS, & THE CAUSE OF ACTION, et al.
MINUTE ORDER of June 23, 2005

represent the Cortezes without retaining counsel.[1]  [Mot. at 6.]  The Court took this Motion under submission on April 26, 2005.

In <u>Johns v. San Diego</u>, 114 F.3d 874, 877 (9th Cir. 1997), the Ninth Circuit held that "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer."  The Ninth Circuit explained that "whether a parent can bring a pro se lawsuit on behalf of a minor falls squarely within the ambit of the principles that militate against allowing non-lawyers to represent others in court." <u>Id.</u> (internal quotation marks and citation omitted).

Thus, Mr. Ybarra, a non-attorney, may not bring this case in pro se on behalf of the Cortezes.

For this reason, the Motion to Dismiss filed by Defendants Transamerica Occidental Life Insurance Co. and Transamerica Annuity Service Corp. is GRANTED, and the Court, on its own motion, dismisses the remaining Defendants. See <u>Silverton v. Dep't of Treasury</u>, 644 F.2d 1341, 1345 (9th Cir.1981) ("A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related.").  The case is ordered DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

---

[1] Previously, in its April 6, 2005, Minute Order, the Court expressed concern about Mr. Ybarra's involvement in the case as a pro se Guardian Ad Litem. Nevertheless, Mr. Ybarra did not address this issue in the Amended Complaint filed on April 11, 2005.

MINUTES FORM 11
CIVIL -- GEN                                 Page 2                    Initials of Deputy Clerk ____

EDCV 05-24-VAP(SGLx)
RUBEN CORTEZ YBARRA, etc., et al. v DEBTORS, ASSIGNEE, ASSIGNER, INSURERS, & THE CAUSE OF ACTION, et al.
MINUTE ORDER of June 23, 2005

represent the Cortezes without retaining counsel.[1]  [Mot. at 6.]  The Court took this Motion under submission on April 26, 2005.

In <u>Johns v. San Diego</u>, 114 F.3d 874, 877 (9th Cir. 1997), the Ninth Circuit held that "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer."  The Ninth Circuit explained that "whether a parent can bring a pro se lawsuit on behalf of a minor falls squarely within the ambit of the principles that militate against allowing non-lawyers to represent others in court." <u>Id.</u> (internal quotation marks and citation omitted).

Thus, Mr. Ybarra, a non-attorney, may not bring this case in pro se on behalf of the Cortezes.

For this reason, the Motion to Dismiss filed by Defendants Transamerica Occidental Life Insurance Co. and Transamerica Annuity Service Corp. is GRANTED, and the Court, on its own motion, dismisses the remaining Defendants. See <u>Silverton v. Dep't of Treasury</u>, 644 F.2d 1341, 1345 (9th Cir.1981) ("A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related.").  The case is ordered DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

---

[1] Previously, in its April 6, 2005, Minute Order, the Court expressed concern about Mr. Ybarra's involvement in the case as a pro se Guardian Ad Litem. Nevertheless, Mr. Ybarra did not address this issue in the Amended Complaint filed on April 11, 2005.